IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

MARK MORRIS                                                                                    PLAINTIFF
ADC #156949

V.                                        NO: 1:15CV00014 JLH/PSH

TIMMIE LOGGAINS *et al*                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Proposed Findings and Recommendation have been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

#### Relevant facts/Procedural history

Plaintiff Mark Morris ("Morris") filed a complaint on January 27, 2015, alleging defendants were deliberately indifferent to his medical needs in violation of his constitutional rights under the 8th Amendment (Doc. No. 2). Morris, who is incarcerated at the Grimes Unit of the Arkansas Department of Correction ("ADC"), states that he had testicle surgery in October 2014, and was still having complications from that surgery and walking on a cane at the time this action was filed. He claims that despite this condition, prison employees required him to "clear the hall" when

segregation inmates were escorted through the hallway, forcing him to walk from one end of the hall to the other and stand behind gates (Doc. No. 2 at 4). Morris states that being required to walk the length of the hallway caused him pain and suffering and constitutes cruel and unusual punishment. He seeks injunctive relief and money damages. *Id.* at 5. Defendants are Timmie Loggains, ADC Supervisor of Safety Procedures and Policies, Deputy Warden Joe Page, Warden James Banks, and ADC Deputy Director Marvin Evans, Jr.

On January 11, 2016, defendants filed a motion for summary judgment, a brief in support, and a statement of facts, asserting they are entitled to summary judgment because Morris failed to exhaust his administrative remedies before he filed his lawsuit (Doc. Nos. 21-23). Although Morris has been given additional time to respond (Doc. No. 24), he has not done so.

## Standard of review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the

evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## Analysis

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). Exhaustion under the PLRA is mandatory. *Jones v. Bock*, 549 U.S. at 211. The PLRA's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. It merely requires compliance with prison grievance procedures to properly exhaust. *See id.* at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id.* at 923-924.

ADC's grievance policy is set out in Administrative Directive 14-16 (Doc. No. 21-1). It requires an inmate to initiate the grievance process by completing a Unit Level Grievance Form within 15 days of the complained-of incident. *Id.*, at 3. It further provides that "the inmate should write a brief statement that is specific as to the substance of the issue or complaint to

include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." *Id.* at 3-4.  Only one Unit Level Grievance Form can be submitted per grievance, and only one issue/problem will be addressed.  *Id.* at 3.

The grievance policy provides that when an informal complaint is made, it is referred to a problem solver who is to meet with the inmate and provide a written response on the Unit Level Grievance Form. *Id.* at 4.  If the problem cannot be solved informally, the inmate may file a formal grievance using the Unit Level Grievance Form that was used for the informal complaint. To do so, the inmate must state in a designated location on the form why the informal resolution was not resolved, date the form, and submit it to the grievance box or staff member. *Id.* at 6. The grievance is then reviewed by the Warden/Center Supervisor, who issues a written decision on a specific form entitled "Warden/Center Supervisor's Decision Form."

If the inmate is not satisfied with the response to the formal grievance, he may appeal to the Assistant or Deputy Director.  The appeal must be written in a space specifically designated on the Warden/Center Supervisor's Decision form titled "INMATE'S APPEAL." *Id.* at 7. Directions on that form state that "[y]our appeal statement is limited to what you write in the space provided below." *See, e.g.*, Doc. 2 at 8.  ADC's grievance policy provides that "[o]nly what is written in the space provided for appeal will be considered part of the grievance appeal. ...ONLY THE STATEMENT IN THE SPACE PROVIDED WILL BE MAINTAINED AND CONSIDERED PART OF THE APPEAL SUBMISSION." Doc. No. 21-1 at 7.  "To complete the appeal, the inmate must state a reason for disagreeing, and must date, sign, and write the inmate's ADC number on the attachment being appealed." *Id.* at 7.

The Assistant or Deputy Director may choose not to process the appeal if the inmate does

not comply with these requirements. *Id.* at 7. If the appeal is rejected by the Assistant or Deputy Director for failure to follow policy, the inmate receives notice on a specific form entitled "Acknowledgement of Grievance Appeal or Rejection of Appeal," with a reason for the rejection. *Id.* at 8; *see, e.g.*, Doc. No. 2 at 9. That form states in part, "[y]our grievance appeal is being returned pursuant to the Administrative Directive on Inmate Grievances due to one of the following," and contains a checklist of reasons from which the Assistant or Deputy Director can choose. Those reasons include failure to give a reason for disagreement in the space provided for appeal, and failure to complete the appeal form with name, ADC number and date. *See, e.g.*, Doc. No. 2 at 9. A rejection at the Assistant or Deputy Director Level completes the grievance process. *See id.;* Doc. No. 21-1 at 8. Additionally, a grievance which duplicates a previously appealed grievance will be rejected on that basis. Doc. No. 21-1 at 8.

In support of their assertion relating to Morris's lack of exhaustion, defendants have provided the declaration of Barbara Williams, the ADC's inmate grievance supervisor (Doc. No. 21-4). According to Williams, Morris filed two grievances relating to the issues in this complaint, GR-14-01581 and GR-15-00056, but failed to properly exhaust either grievance. Grievance GR-14-01581 began as an informal complaint on December 15, 2014, and makes the exact claims asserted in this lawsuit. The response made by the problem solver at the informal level was that "[d]uring the escorting of segregation inmates, the hallways are cleared for safety reasons." Doc. No. 2 at 7. Morris then made a formal grievance. In a response dated January 14, 2015, the Warden found the grievance without merit, stating "[i]t is a standard procedure at the Grimes Unit to clear the hallways when an inmate is being escorted from segregation to another destination. Medical records reflect that there is no reason why you could not walk to

medical and pill call.  Records reflect that there was no reason you could not wait in the hallway in order until it was cleared." *Id.* at 8.  Morris attempted to appeal to the final step of the grievance process, but failed to write anything in the section provided for the inmate to explain the basis of his appeal.  He also failed to include his signature, ADC number, and date. *Id.*  On January 21, 2015, Morris' grievance was rejected and returned for failure to follow policy. *Id.* at 9.

Grievance GR-15-00056 began as an informal complaint on January 12, 2015, less than a month after Morris' initial grievance was filed.  Morris makes the same complaint made in GR-14-01581.  Doc. No. 21-3 at 1.  The problem solver responded that Morris' grievance would be returned to him by January 20, 2015. *Id.*  Morris again made a formal grievance, and added that by January 20, 2015, more than 30 days would have passed without response to his first grievance. *Id.*  The ADC Inmate Grievance Coordinator rejected GR-15-00056 on January 13, 2015 because it was a duplicate of GR-14-01581. *Id.* at 2.  Morris did not appeal the rejection to the final stage of the grievance process.

Morris has not responded to the defendants' motion for summary judgment.  The ADC's Administrative Directive on Inmate Grievances clearly sets forth the requirements an inmate must meet to fully exhaust his grievances.  The grievance forms provided by the ADC for inmates to complete also refer to these requirements.  No genuine issue of material fact exists that Morris failed to comply with the ADC grievance procedures made available to him.  The PLRA requires compliance with prison grievance procedures to properly exhaust. *See Jones v. Bock,* 549 U.S. at 922-923.  Accordingly, Morris' failure to comply with grievance procedures compels the conclusion that he failed to properly exhaust.  Defendants' motion for summary

judgment should be granted, and Morris's complaint should be dismissed.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (Doc. No. 21) be GRANTED, and Morris's complaint be DISMISSED WITHOUT PREJUDICE.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 28th day of April, 2016.

_____
UNITED STATES MAGISTRATE JUDGE